DAVID D. THORN *vs.* MERRILL W. MOSHER.

*Frivolous exceptions. Superior court.*

Section 21, c. 77, R. S., providing that exceptions deemed frivolous and intended for delay, may be transmitted to the chief justice and argued in writing as therein required, relates exclusively to exceptions in the supreme judicial court.

ON EXCEPTIONS to the ruling of SYMONDS, J., of the superior court for this county.

ASSUMPSIT on a promissory note, dated May 1, 1871, for $2,500, given by the defendant to the plaintiff, payable in one year, with interest at ten per cent.

The writ was dated August 3, 1872, *ad damnum*, four thousand dollars.

The defendant filed a general demurrer, and the plaintiff joined the demurrer.

The presiding justice overruled the demurrer and adjudged the declaration good; thereupon the defendant alleged exceptions.

The presiding justice, deeming the exceptions frivolous and intended for delay, on motion of plaintiff, so certified, and transmitted them at once to the chief justice and directed them to be argued in writing on both sides within thirty days, in accordance with R. S.. c. 77, § 21.

*S. C. Strout & H. W. Gage*, for the plaintiff.

*Howard & Cleaves*, for the defendant.

APPLETON, C. J.   This suit is upon a note for twenty-five hundred dollars.   The *ad damnum* in the writ is four thousand dollars.

The superior court for the county of Cumberland, has exclusive jurisdiction 'when the damages demanded do not exceed five hundred dollars.'   Statutes of 1865, c. 151, § 5.

By § 7, ' exceptions may be alleged as in the supreme judicial court, and entered, heard, and determined at the law term held in

the western district, provided, that when the next law term happens to be held in either of the other districts, the justice of the superior court may, on motion of the party not excepting, certify the exception to said next law term if, in his opinion, they are alleged mainly for delay; but the party so moving shall be deemed to waive his right to be heard in opposition to said exceptions, which shall be entered and determined at said next law term, without argument by said party and upon the oral or written argument of the party excepting. Cases certified upon agreed statement of facts, reports, and motions for new trial shall be entered, heard, and determined at the next law term in the western district; but any case for the law court may, on agreement of parties, be entered at the next law term in either district. And all exceptions, arising in cases within the exclusive jurisdiction of said superior court, may be certified at once by said justice to the chief justice of the supreme judicial court, and shall, when so certified, be argued in writing on both sides within thirty days thereafter, unless the justice of said superior court, shall for good reasons enlarge the time, and exceptions so certified shall be considered and determined by the justices of the supreme judicial court as soon as may be.'

By § 10, ' the provisions of law, relative to the jurisdiction of the supreme judicial court in said county over parties, the arrest of persons, attachment of property, the time and mode of service of precepts, proceedings in court, the taxation of costs, the rendition of judgments, the issuing, services, return of executions, and all other subjects are hereby made applicable, and extended to said superior court in all respects, except so far as they are modified by the provisions of this act.'

Now by § 7, when the next law term happens to be held in either of the other districts, ' the justice of the superior court is authorized to certify exceptions to the next law term if, in his opinion, they are alleged mainly for delay.' But these are not so certified.

The only authority given to certify directly to the chief justice, by § 7, is in ' cases arising within the exclusive jurisdiction of the superior court,' which this is not.

The case is not before us under the provisions of R. S., c. 77, § 21, for that applies only to proceedings in the supreme judicial court. Besides proceedings as to exceptions in the superior court are specially set forth in the act establishing the court, and so far as they are variant from those of the supreme judicial court, they must be regarded as modifications of the same. If the legislature had intended a change in the mode of certifying exceptions in the superior court, some language would have been used indicating such intention. The exceptions are not before us in accordance with any statutory enactment. If the demurrer was intended for delay, that would not affect in any way the jurisdiction of the court.

The case must, therefore, be remanded to the superior court for entry at the next law term in the western district, as provided by § 7.                        *Case remanded to the superior court.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.